**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30119 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00008-DLC-1 |
| v. | |
| WAYNE ALAN PARTIN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Argued and Submitted July 10, 2015
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Wayne Partin pled guilty to accessing with intent to view child pornography

in violation of 18 U.S.C. § 2252A(a)(5)(B). He appeals Special Condition 4 of his

ten years of supervised release, which forbids him from knowingly acquiring

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

materials that depict sexually explicit conduct as defined by 18 U.S.C.

§ 2256(2)(A).  We have jurisdiction under 28 U.S.C. § 1291.

We review a challenge to a supervised release condition for an abuse of

discretion.  *United States v. Weber*, 451 F.3d 552, 557 (9th Cir. 2006).  "[W]e give

considerable deference to a district court's determination of the appropriate

supervised release conditions," recognizing that "a district court has at its disposal

all of the evidence, its own impressions of a defendant, and wide latitude." *Id.*

(internal quotation marks omitted).

Although Special Condition 4 satisfied 18 U.S.C. § 3583(d)(1), the district

court did not have the benefit of *United States v. Gnirke*, 775 F.3d 1155, 1163-65

(9th Cir. 2015)*,* when it rendered its decision in this case.  Accordingly, we vacate

Special Condition 4 and remand for the district court to impose a condition

consistent with *Gnirke*.[1]

VACATED and REMANDED for further proceedings consistent with this
disposition.

---

[1] Although Partin appeals only the first sentence of Special Condition 4 and
we find no error in the condition's remaining provisions, we vacate the condition
in its entirety so the district court can consider it as a whole.

**USA v Wanye Alan Partin 14-30119**

N.R. Smith, Circuit Judge, dissenting:

We are compelled by binding circuit precedent to affirm. The challenged condition in this case is not overbroad and does not deprive Partin of more liberty than is reasonably necessary to effectuate the terms of supervised release. Our recent decision in *United States v. Gnirke,* 775 F.3d 1155 (9th Cir. 2015), does not overrule this precedent and is not controlling in this case. Therefore, I respectfully dissent.

The special condition of supervised released imposed on Partin is a familiar one. Indeed, as the district court noted when Partin objected to the imposition of Special Condition 4, it was crafted to fit within the parameters of our case law. In *United States v. Rearden*, 349 F.3d 608 (9th Cir. 2003), and *United States v. Daniels*, 541 F.3d 915 (9th Cir. 2008), we upheld conditions of supervised release that were identical to the special condition imposed on Partin in all material respects. Those cases stand for the proposition that special conditions of supervised release that define "sexually explicit conduct" by reference to 18 U.S.C. § 2256(2) do not restrict a defendant's rights more than reasonably necessary to effectuate the goals of supervised release and are not overbroad. *See Rearden*, 349 F.3d at 619–20; *Daniels*, 541 F.3d at 927. *Rearden* and *Daniels* remain good law

1

in our circuit, as no en banc court has overruled them and there is no intervening higher authority that calls them into question.

The majority remands the case so that the district court can apply *United States v. Gnirke* in the first instance. However, given our decisions squarely on point in *Rearden* and *Daniels*, there is no need to apply *Gnirke*. As a decision of a three-judge panel, the panel in *Gnirke* lacked the power to overrule *Rearden* and *Daniels* and did not purport to do so. *See Miller v. Gammie*, 335 F.3d 889, 899–900 (9th Cir. 2003) (en banc). Accordingly, I would apply our binding precedent and affirm.

Although the majority does not opine as to how the district court should apply *Gnirke*, I urge the district court to consider the limited nature of that case when deciding whether to change the special condition. As already noted, *Gnirke* did not purport to overturn *Rearden* and *Daniels*. Instead, the *Gnirke* court distinguished the case before it on two grounds: (1) the district court's stated intent to limit the scope of Gnirke's condition to adult pornography; and (2) the geographic scope of the limitation, which would have prohibited Gnirke from frequenting libraries or department stores. *Gnirke*, 775 F.3d at 1161–1164.

We did not hold in *Gnirke* that a special condition of supervised release barring possessing or viewing materials depicting sexually explicit conduct, as

2

defined by § 2256(2), must be limited only to child or adult pornography. The *Gnirke* court framed its discussion with the observation that "[t]he district court clearly stated its intention to restrict Gnirke's access to what it referred to as 'pornography.'" *Id.* at 1161. The *Gnirke* court then engaged in a discussion of the condition's overbreadth, but summarized as follows: "The district court intended to restrict Gnirke's access to 'child and adult pornography,' but by applying the definition in 18 U.S.C. § 2256(2) to depictions of *adult* sexual activity, the condition deprives Gnirke of more liberty than is reasonably necessary." *Id.* at 1166. The district court's intent cannot be read out of *Gnirke* and plays a key role in that case's analysis of the condition. *Gnirke*'s holding follows from that intent: a condition that reached beyond child and adult pornography would restrict more liberty than was reasonably necessary if the district court did not conclude that such a broad restriction was required to effectuate the goals of supervised release.

The geographic scope of the condition also played a vital role in *Gnirke*'s overbreadth analysis. The geographic scope was critical to distinguishing the case from *Rearden* and *Daniels*. *Id.* at 1164. The risk that Gnirke would violate the condition rose greatly with the addition of the overbroad geographic limitation, heightening the dangers of overbreadth in the limitation on possessing and viewing materials depicting sexually explicit conduct. *Id.* at 1165. There is no suggestion

3

in *Gnirke* that the court would have held that it was necessary to rewrite the entire condition if the geographic limitation were more circumscribed.

When applying *Gnirke*, the district court should read the case in light of our preexisting and still binding precedent in *Rearden* and *Daniels*. *Gnirke* must be read to have distinguished those cases on some principle, and the grounds that I have identified seem to me the best way to understand how *Gnirke* fits into our jurisprudence on these difficult conditions.[1] In light of the majority's decision to remand, it will be for the district court to determine whether Partin's case is distinguishable from *Rearden* and *Daniels* in light of *Gnirke*. Because I conclude that *Rearden* and *Daniels* control, I respectfully dissent.

---

[1]*Gnirke* also distinguished *Rearden* and *Daniels* on the basis that they were decided on plain error review. *Gnirke*, 775 F.3d at 1164. Specifically, *Gnirke* noted that the district courts in *Daniels* and *Rearden* did not have the benefit of controlling circuit precedent at the time they imposed the conditions at issue. *Id.* Regardless of whether *Gnirke* was correct in holding that the fact of plain error review is a valid ground to distinguish prior precedent, we have controlling precedent at issue here: *Rearden* and *Daniels*. The conclusion from those cases is clear and unmistakable: defining sexually explicit conduct by reference to § 2256(2) does not render a special condition of supervised release categorically overbroad. *Gnirke* could not overrule this conclusion, so it must be interpreted in a way that preserves the binding rule.